**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-620**

_____

In re:  MARCUS CRANDELL,

Movant.

_____

On Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. § 2255 in the United States District Court for the District of Maryland, at Baltimore. Honorable Catherine C. Blake, District Judge. (1:07-cr-00414-CCB-1)

_____

Argued:  October 26, 2016                                    Decided:  June 5, 2018

_____

Before DUNCAN and AGEE, Circuit Judges, and Bruce H. HENDRICKS, United States District Judge for the District of South Carolina, sitting by designation.

_____

Motion granted by unpublished per curiam order.

_____

**ARGUED:** Shari Heather Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Movant. David Daniel Metcalf, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Respondent. **ON BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland, Paresh S. Patel, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Movant. Rod J. Rosenstein, United States Attorney, Sujit Raman, Chief of Appeals, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Respondent.

_____

ORDER

PER CURIAM:

Marcus Crandell has filed a motion under 28 U.S.C. § 2244(b) and § 2255(h) for authorization to file a second or successive motion under 28 U.S.C. § 2255. Crandell has made a prima facie showing that the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), may apply to his case. We grant authorization for Crandell to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. We express no opinion on the timeliness or merits of Crandell's *Johnson* claim. Likewise, we express no opinion on the Government's suggestion that the merits of Crandell's successive § 2255 motion are barred by either the abuse of the writ doctrine or the doctrine of procedural default. Nothing in this order should be construed as prohibiting the Government from raising those arguments before the district court for consideration in the first instance.

FOR THE COURT

/s/Patricia S. Connor
Clerk